## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

ANTONIO BROWNER,

      Petitioner,

    v.

LISA FOUNTAIN; BIBB COUNTY
SUPERIOR COURTS; HOMER BRYSON;
WARDEN DOUG WILLIAMS; and STATE
BOARD OF PARDONS AND PAROLES,

      Respondents.

CIVIL ACTION NO.: 6:15-cv-62

## **O R D E R**

Antonio Browner (hereinafter "Browner") an inmate at Smith State Prison in Glennville, Georgia, filed a pleading with this Court on June 11, 2015. (Doc. 1). Browner contemporaneously filed an Application to Proceed Without Prepayment of Fees. (Doc. 2.) The relief Plaintiff seeks via this action is difficult to decipher, and the Office of the Clerk of Court filed his pleading titled "Petition for Relief" as a Complaint under the Civil Rights Act, 42 U.S.C. § 1983. The Court in its June 15, 2015 Order granted leave to proceed *in forma pauperis* and provided instructions to Browner for the procession of the case. (Doc. 3.) In a letter filed on June 24, 2015, Browner informs the Court that his filing should not have been construed as a Section 1983 Complaint, but should be considered a Petition. (Doc. 4.) The Court discerns from his letter that Browner seeks to file his pleading as a *habeas corpus* petition. Additionally, after further review, Browner's pleading appears to attack a conviction obtained in the Superior Court of Bibb County, Georgia. Therefore, Browner's filing should be properly characterized as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 Fed. Appx. 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003)). This Court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. U.S. Dist. Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82, 124 S. Ct. at 791-92).

This ability to re-characterize is limited, particularly when a court recharacterizes a pleading filed by a *pro se* litigant as a first section 2254 motion. Prior to such re-characterization, the court

> must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 225[4] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 225[4] claims he believed he has.

Castro, 540 U.S. at 383, 124 S. Ct. at 792.

After reviewing Browner's pleading (doc. 1) and considering his subsequent letter requesting a recharacterization of his pleading (doc. 4), it appears his claims are more appropriately deemed as being brought pursuant to Section 2254 and not Section 1983. He apparently seeks to attack his state conviction, not the conditions of his confinement, and "a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application

for a writ of habeas corpus." <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir.2003). However, Browner is advised that any future Section 2254 motions he may file will be subject to certain procedural restrictions[1] applicable to Section 2254 motions. Therefore, Browner shall have **twenty-one (21) days** from the date of this Order to notify the Court if he wishes to proceed with this case now that it has been converted to a 28 U.S.C. § 2254 action. Should Browner choose to proceed, he may amend his pleading to set forth all of the claims he has pursuant to section 2254 and to elaborate on these claims by setting forth facts in support of those claims. **If Browner does not timely advise the Court that he wishes to proceed, this case will be dismissed without prejudice**.

Furthermore, the Court notes that while it has jurisdiction over this petition, it is prudent to address the venue of this action. All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254, by persons in state custody, are governed by 28 U.S.C. § 2241. <u>Medberry</u>, 351 at 1062. For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); <u>see also</u> <u>Eagle v. Linahan</u>, 279 F.3d 926, 933 n. 9 (11th Cir.2001).

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A), which notes that an applicant must move the appropriate court of appeals for an order authorizing the district court to consider an application for habeas relief before a second or successive application will be allowed.

The Court may, "in the exercise of its discretion and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Browner appears to attack a sentence imposed upon him by the Bibb County Superior Court. Bibb County is located within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division. 28 U.S.C. § 90(b)(2). In light of the foregoing, the Court concludes that should Browner seek to proceed with this action, this case should be transferred to the Middle District of Georgia. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497, (1973) (In enacting Section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."); Eagle, 279 F.3d at 933, n. 9 (noting the practice in district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

Therefore, it is hereby **ORDERED** that should Browner notify the Court that he does wish to proceed with this action before the above-imposed deadline, this action shall be **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Macon Division for further consideration. The Clerk of Court is hereby **DIRECTED** to transfer this case to that court upon notice from Browner that he wishes to proceed with this action.

**SO ORDERED**, this 26th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4